FILED

2008 Oct-15  PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA


## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT DEFREESE, | } | |
| | } | |
| PLAINTIFF, | } | |
| V. | } | |
| | } | **CIVIL ACTION NUMBER:** |
| NELSON, WATSON & ASSOCIATES, | } | **JURY TRIAL DEMANDED** |
| LLC. | } | |
| DEFENDANT. | } | |

## PLAINTIFF'S COMPLAINT

1.  This is an action brought by the Plaintiff, Scott DeFreese, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3.  The Plaintiff is a resident and citizen of the state of Alabama, St. Clair County, and is over the age of twenty-one (21) years.

4.  The Defendant, Nelson, Watson & Associates ("Nelson Watson"), is a Massachusetts corporation with its principal place of business in Massachusetts, and which was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5.  By correspondence dated September 17, 2008, Defendant arranged for the preparation and transmittal of a letter to Plaintiff demanding payment of a debt allegedly due "Capital

One Bank (USA) N.A." in the amount of $901.68. The correspondence is attached hereto as Exhibit "A."

6. The correspondence was received by Plaintiff at his residence in Pell City, Alabama.

7. The alleged debt of Plaintiff claimed in the correspondence was incurred for personal, family, or household services.

8. On that same date (September 17, 2008), an agent/employee of Defendant called Plaintiff at his place of employment referencing the alleged debt and giving Plaintiff some "options" by which the settle the debt. However, the Defendant did not disclose Plaintiff's 30 day right to request validation of the debt.

9. Plaintiff told the agent/employee that he was not allowed to receive such phone calls at his place of business and to no longer call him at that number. The agent/employee said that he would "put a note on the file" as such.

10. Nevertheless, on at least two occasions (September 26 and 29), agents/employees of Defendant have called Plaintiff on the same number at his place of employment. On these occasions, the agent/employee has left a message indicating that Plaintiff should call back to discuss the "options" and that their client was looking for them to "make a recommendation" in regards to the account. Notably, these messages came within 12 days of the initial communication.

11. When Plaintiff received the written correspondence a few days later (which contained the 30 day validation notice), he was confused as to why the Defendant was pushing him to "make a decision" when he had 30 days to request validation of the debt.

12. On October 2, 2008, (15 days after the initial communication), Defendant sent two letters to Plaintiff at his home in Pell City, Alabama. These letters are attached hereto respectively as Exhibits "B" and "C." One of them reads in pertinent part:

> "Your broken promises and lack of cooperation have convinced us that the leniency extended by us on your behalf is unappreciated.  It should be apparent that further consideration is unwarranted and we must now insist that you pay the balance in full.  If payment is not received, we will investigate your assets to determine your ability to pay".

The other reads in pertinent part:

> "This is to remind you that your payment of $250.00 must be received in our office by OCT 06, 2008."

13.   On October 8, 2008, an agent/employee of Defendant called Plaintiff's cellular telephone and left a message stating:

> "I need to talk to you about a serious matter that came across my desk… I will be forced to make a decision on your behalf by closing time today."

14.   It is the policy and practice of defendant to harass and coerce alleged debtors, and to disregard debtors' requests not to be contacted at inconvenient places, and to overshadow consumers' validation rights by pushing them to make pay alleged debts immediately notwithstanding those rights.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

15.   The Plaintiff adopts the averments and allegations of paragraphs 1 through 14 hereinbefore as if fully set forth herein.

16.   The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

17.   Defendant communicated with plaintiff at unusual times and places which they knew or should have known would be inconvenient to plaintiff, in violation of 15 U.S.C. § 1692c(a)(1);

18.   Defendant communicated with Plaintiff at his place of employment when the debt collector knew that the Plaintiff's employer prohibits the Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).

19.   Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with collection of a debt, in violation of 15 U.S.C. § 1692d;

20.   Defendant used collection activities and communication during the 30-day period that overshadowed and was inconsistent with the disclosure of the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b); and

21.   Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

22.     The Plaintiff adopts the averments and allegations of paragraphs 1 through 20 hereinbefore as if fully set forth herein.

23.     The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

24.     The Defendant knew or should have known that said conduct was improper.

25.     The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

26.     The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

27.     As a result of the Defendant's negligence, the Plaintiff suffered damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

28.     The Plaintiff adopts the averments and allegations of paragraphs 1 through 26 hereinbefore as if fully set forth herein.

29.     The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

30.     The Defendant knew or should have known that the said conduct was improper.

31.     The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

32.     The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

33.     As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the defendant as follows:

A.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.   Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C.   Actual damages for the Defendant's violations of the FDCPA;

D.   Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k; and

E.   Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision

## PLAINTIFF DEMAND TRIAL BY STRUCK JURY

W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233

## SERVE DEFENDANT VIA CERTIFIED MAIL:

Nelson, Watson & Associates, LLC
c/o National Registered Agents, Inc.
150 S. Perry St.
Montgomery, Al 36104

**Nelson, Watson & Associates, LLC**

PO Box 1299
Haverhill MA 01831
RETURN SERVICE REQUESTED

80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 800-798-3961 • Fax:(978) 469-9046

September 17, 2008

Creditor: Capital One Bank (USA) N.A.
Acct #:        784519720
Balance Due: $901.68

CAPO47102 - A20 - 1991
Scott M Defreese
828 Old Eason Rd
Pell City AL  35128-4696

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA  01831-1799

---

*** Detach Upper Portion and Return with Payment ***

1991-NWAA2002-TY9A6D07D1

Creditor: Capital One Bank (USA) N.A.
Original Creditor:
Acct No.: 784519720

Principal:      $900.46
Interest:       $1.22
Total Balance:  $901.68

The above referenced account has been placed with this office for collection.    Remittance of the payment in full is hereby requested.

For your security, please make all payments payable to Nelson, Watson & Associates, LLC.

Unless you notify this office within 30 days after receiving this notice  that you dispute the validity of this debt or any portion thereof, this office will assume this debt  is valid.  If you notify this office in writing within 30 days from receiving this notice that you  dispute the validity of this debt or any portion thereof, this office will obtain verification of  the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.   If you request this office in writing within 30 days after receiving this notice this  office will provide you with the name and address of the original creditor, if different from  the current creditor.

Please call Monday through  Thursday 8am to 9pm EST, Friday 8am to 5pm EST, or Saturday 9am to 1pm EST.

**This communication is from a debt collector.  This is an attempt to collect a debt.  All information obtained will be used for that purpose.**

Sincerely,
Consumer Services Department

IF YOU WISH TO PAY BY VISA OR MASTERCARD, (CIRCLE ONE) FILL IN THE INFORMATION
BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.

 

| Account Number | $ Payment Amount | ___/___ Expire Date |
| --- | --- | --- |

| Card Holder Name | Signature of Card Holder |
| --- | --- |


EXHIBIT
A

PO Box 1299
Haverhill MA  01831
RETURN SERVICE REQUESTED

80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 800-798-3961 • Fax:(978) 469-9046

October 2, 2008

Creditor: Capital One Bank (USA) N.A.
Acct #:          784519720
Balance Due:  $920.72

CAPO47102 - A890 - 380
Scott M Defreese
828 Old Eason Rd
Pell City AL  35128-4696

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA  01831-1799

---

*** Detach Upper Portion and Return with Payment ***

|                        |            |          |
|------------------------|------------|----------|
|                        | Principal: | $900.46  |
| Creditor: Capital One Bank (USA) N.A. | Interest:  | $20.26   |
| Original Creditor:     | Total Balance: | $920.72 |
| Acct No.: 784519720    |            |          |

Dear Scott M Defreese:

Your broken promises and lack of cooperation have convinced us that the leniency  extended by us on your behalf is unappreciated.  It should be apparent that further  consideration is unwarranted and we must now insist that you pay the balance in full.  If  payment is not received, we will investigate your assets to determine your ability to pay.

**This communication is from a debt collector.  This is an attempt to collect a debt.   All information obtained will be used for that purpose.**

Please call Monday through Thursday 8am to 9pm EST, Friday 8am to 5pm EST, or Saturday 9am to 1pm EST.

Sincerely,
Consumer Services Department

IF YOU WISH TO PAY BY VISA OR MASTERCARD, (CIRCLE ONE) FILL IN THE INFORMATION
BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.

  

|                | $              | ___/___      |
|----------------|----------------|--------------|
| Account Number | Payment Amount | Expire Date  |

Card Holder Name                                    Signature of Card Holder



EXHIBIT
B

PO Box 1299
Haverhill MA 01831
RETURN SERVICE REQUESTED

80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 800-798-3961 • Fax:(978) 469-9046

October 2, 2008

Creditor: Capital One Bank (USA) N.A.
Acct #:        784519720
Balance Due: $920.72

CAPO47102 - A820 - 208
Scott M Defreese
828 Old Eason Rd
Pell City AL 35128-4696

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA 01831-1799

---

\*\*\* Detach Upper Portion and Return with Payment \*\*\*

208-NWAA2082-TY9RCCS451

| | |
|---|---|
| Principal: | $900.46 |
| Interest: | $20.26 |
| Total Balance: | $920.72 |

Creditor: Capital One Bank (USA) N.A.
Original Creditor:
Acct No.: 784519720

This is to remind you that your payment of $250.00 must be received in our office  by OCT 06, 2008.

OUR WESTERN UNION CODE CITY IS - NELSONWATSON
CODE STATE IS - MA

**This communication is from a debt collector.  This is an attempt to collect a debt.  All information obtained will be used for that purpose.**

Sincerely,

Consumer Services Department

Please call Monday through Thursday 8am to 9pm EST, Friday 8am to 5pm EST, or Saturday 9am to 1pm EST.

IF YOU WISH TO PAY BY VISA OR MASTERCARD, (CIRCLE ONE) FILL IN THE INFORMATION
BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.

  

$

/

Account Number                          Payment Amount                     Expire Date

Card Holder Name                                              Signature of Card Holder



EXHIBIT
C